## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ELIZABETH LOWING,

     Plaintiff,

v.                                                                                      CASE NO: 17-cv
                                                                 HON:

JUSTIN VISSER, NEWAYGO COUNTY,
DALE GIBBS, and VILLAGE OF HESPERIA,
in their individual and official capacities,

     Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

### COMPLAINT AND JURY DEMAND

     **NOW COMES** Plaintiff, **ELIZABETH LOWING,** by and through her attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named

Defendants states as follows:

1.  Plaintiff is a resident of the City of Grandville, County of Kent, State of Michigan.

2.  At the time of the incident complained of, Plaintiff's name was Elizabeth Sanborn.

3.  At all relevant times mentioned herein, Defendant Visser was a deputy assigned to the

    Newaygo County Sheriff's Department, and was acting under color of law, within the

    course and scope of his employment, and in his individual and official capacities.

4. At all relevant times mentioned herein, Defendant Gibbs was the Chief of Police in the Village of Hesperia, and was acting under color of law, within the course and scope of his employment, and in his individual and official capacities.

5. Defendant Newaygo County is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

6. Defendant Village of Hesperia is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

7. All events giving rise to this lawsuit occurred in the Village of Hesperia, County of Newaygo, State of Michigan.

8. This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also has viable state law claims.

9. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

10. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

11. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

12. On or about December 15, 2015, Plaintiff and her ex-husband, Robert Sanborn, appeared before Judge Monton in the 27th Circuit Court for a hearing related to their divorce.

13. After the hearing ended, Plaintiff and Mr. Sanborn left in separate vehicles; and were going to drive to Mr. Sanborn's mother's home so that Plaintiff could pick up her dogs.

14. While driving, Plaintiff decided that she wanted to have a discussion with Mr. Sanborn, and so she attempted to catch his attention in order to get him to pull over.

15. During this attempt, however, Mr. Sanborn slammed on his brakes abruptly, causing Plaintiff to rear-end him.

16. Mr. Sanborn then proceeded to drive to the Village of Hesperia Police Department, and Plaintiff followed him.

17. Upon arrival at the Village of Hesperia Police Department, Plaintiff (who was upset and crying) exited her vehicle to speak with Mr. Sanborn.

18. At this point, Defendant Gibbs came out of the police station and approached Plaintiff and Mr. Sanborn.

19. Plaintiff stepped back from Mr. Sanborn and informed Defendant Gibbs of the accident that had just occurred.

20. Plaintiff was still visibly upset, and Defendant Gibbs ordered her to come inside the police station, which Plaintiff did without complaint.

21. In the police station, Defendant Gibbs questioned Plaintiff, and advised her that he would not let her leave because she was too upset to drive.

22. Plaintiff asked Defendant Gibbs if she could go outside to her car to smoke a cigarette which would help calm her down; and Defendant Gibbs permitted Plaintiff to do so.

23. When Plaintiff was outside smoking, Defendant Gibbs came out and again advised Plaintiff that he would not let her leave because she was still too upset to drive.

24. Defendant Visser then arrived and approached Plaintiff's vehicle.

3

25. Defendant Visser insisted that Plaintiff calm down and spoke to her in an aggressive tone of voice.

26. Plaintiff was still finding it difficult to stop crying, which made Defendant Visser angry.

27. Defendant Visser then ordered Plaintiff to step out of her vehicle.

28. Plaintiff informed Defendant Visser that she had to move the driver's seat to exit because she had a broken foot, (which was in a cast) and it was impossible for her to exit the vehicle without moving the seat.

29. Despite the information just provided to Defendant Visser, he then opened Plaintiff's car door and began pulling Plaintiff out of her vehicle.

30. The cast on Plaintiff's broken foot would not allow Plaintiff to get out of her vehicle easily, which Plaintiff told Defendant Visser repeatedly.

31. Nonetheless, Defendant Visser struck Plaintiff in the face, using a flat hand strike under her nose, and forcefully pulled Plaintiff out of her vehicle by the face.

32. Defendant Visser then threw Plaintiff face-first onto the ground with such force that her front teeth were cracked.

33. Defendant Visser then roughly and forcefully put handcuffs on Plaintiff and threw her into the back of his police vehicle.

34. Defendant Gibbs was standing nearby and witnessed the entire incident between Plaintiff and Defendant Visser, but never once intervened on Plaintiff's behalf; nor did he make any attempt to stop the excessive/unreasonable force from being used against Plaintiff.

35. After placing Plaintiff in his police vehicle, Defendant Visser drove Plaintiff to the Newaygo County Jail.

36. Plaintiff was charged with assaulting/resisting/obstructing a police officer.

37. Plaintiff eventually pled No Contest to the charges of Felonious Assault (MCL 750.82) and Resisting/Obstructing a Police Officer (MCL 750.81(d)(1)).

38. Plaintiff was sentenced to probation on February 2, 2017. Her probation ends on August 6, 2018.

39. As a result of the individual Defendants' actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE
## AS TO DEFENDANTS VISSER AND GIBBS

40. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. That Defendants were at all relevant times acting under color of law; acting within the scope of their employment; and were acting in their individual and official capacities.

42. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of her clearly established rights protected and secured by the Fourth Amendment to the United States Constitution including but not limited to, the right to be free from excessive/unreasonable force.

43. That Defendant Visser used excessive and/or unreasonable force against Plaintiff; and the force that was used was objectively unreasonable.

44. At the time of the incident complained of herein, it was clearly established that the Fourth Amendment prohibited the use of objectively unreasonable force.

45. That Defendant Visser violated Plaintiff's clearly established and federally protected rights by using excessive force against her; and Defendant Gibbs failed to intervene on Plaintiff's behalf to stop the excessive force used against her.

46. That Defendants' acts were at all times objectionably unreasonable and/or excessive and otherwise in violation of Plaintiff's clearly established rights under the United States Constitution.

47. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983; together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT II
## VILLAGE OF HESPERIA AND COUNTY OF NEWAYGO'S CONSTITUTIONAL VIOLATIONS

48. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

49. Defendants Village of Hesperia and County of Newaygo acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs, policies, and/or practices that resulted in violations to Plaintiff.

50. These customs, policies, and/or practices included but were not limited to the following:

    a. Failing to supervise officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train officers regarding safeguarding citizens during arrests;

    c. Failing to adequately train and/or supervise officers regarding the proper use of force;

    d.  Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

    e.  Failing to supervise, review, and/or discipline officers whom Defendants Village of Hesperia and County of Newaygo knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

    f.  Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules of the Village of Hesperia and County of Newaygo, and discipline or reprimand officers who violate these established policies;

    g.  Failing to protect arrestees and/or intervene on their behalf to protect them.

51. Defendants practiced and/or permitted customs and/or policies that resulted in the violations of Plaintiff's constitutional rights complained of herein.

52. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT III
## GROSS NEGLIGENCE AS TO DEFENDANT GIBBS

53. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

54. The governmental agency that employed Defendant Gibbs was engaged in the exercise or discharge of a governmental function.

55. Defendant Gibbs' conduct amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

56. At the time of the incident complained of herein, Defendant Gibbs was the Police Chief in the Village of Hesperia and had a duty to perform his employment activities so as not to endanger or cause harm to Plaintiff.

57. Notwithstanding these duties, Defendant breached his duty when with deliberate indifference and gross negligence, and without regard to Plaintiff's rights and welfare, he failed to intervene on Plaintiff's behalf to stop the excessive force used against her by Defendant Visser.

58. Defendant Gibbs knew or should have known that by breaching these duties, harm would come to Plaintiff.

59. That according to MCL 691.1407(2), Defendant Gibbs' breach of his duty to exercise reasonable care was reckless and amounts to gross negligence.

60. As a direct and proximate result of Defendant Gibbs' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered damages.

61. Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES
**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  July 18, 2017
SCC/jrr

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ELIZABETH LOWING,

       Plaintiff,

v.                                                                                                CASE NO:17-cv
                                                                                                   HON:

JUSTIN VISSER, NEWAYGO COUNTY,
DALE GIBBS, and VILLAGE OF HESPERIA,
in their individual and official capacities,

       Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

       **NOW COMES** Plaintiff, **ELIZABETH LOWING**, by and through her attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in

the above-captioned matter.

                     Respectfully Submitted,
                     CHRISTOPHER TRAINOR & ASSOCIATES

                     <u>s/ **Shawn C. Cabot**               </u>
                     CHRISTOPHER J. TRAINOR (P42449)
                     SHAWN C. CABOT (P64021)
                     Attorneys for Plaintiff
                     9750 Highland Road
                     White Lake, MI  48386
                     (248) 886-8650
                     shawn.cabot@cjtrainor.com

Dated: July 18, 2017
SCC/jrr