## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ELIZABETH LOWING,

    Plaintiff,

v.                                                       CASE NO: 17-00650
                                                      HON: GORDON J. QUIST

JUSTIN VISSER, NEWAYGO COUNTY,
DALE GIBBS, and VILLAGE OF HESPERIA,
in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | ZAUSMER AUGUST & CALDWELL PC<br>HEIDI D. HUDSON (P32495)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>31700 Middlebelt Road, Ste. 150<br>Farmington Hills, MI 48334-2301<br>248-851-4111<br>248-851-0100-fax<br>hhudson@zacfirm.com<br><br>WILLIAMS HUGHES, PLLC<br>DOUGLAS M. HUGHES (P30958)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>120 W. Apple Avenue<br>PO Box 599<br>Muskegon, MI 49443-0599<br>231-727-2119<br>231-727-2130-fax<br>doughughes@williamshugheslaw.com |
| CUMMINGS, MCCLOREY, DAVIS & ACHO<br>HAIDER A. KAZIM (P66146)<br>MATTHEW W. CROSS (P77526)<br>Attorney for Defendants Visser and Newaygo<br>400 W. Front Street, Ste. 200<br>Traverse City, MI 49684<br>231-922-1888<br>231-922-9888<br>hkazim@cmda-law.com<br>mcross@cmda-law.com | |

## **JOINT STATUS REPORT**

1

A Rule 16 Scheduling Conference (Telephonic) is scheduled for October 12, 2017 at 10:00 a.m., before the Honorable Ray Kent.  Appearing for the parties as counsel will be:

| | |
|---|---|
| Shawn C. Cabot, Esq. | for Plaintiff |
| Heidi D. Hudson, Esq. | for Defendants Gibbs and Hesperia |
| Matthew Cross, Esq. | for Defendants Visser and Newaygo |

1. **Jurisdiction:**

The basis for the Court's jurisdiction is 28 U.S.C. §1331 [federal question] and 28 U.S.C. §1343 [civil rights] for alleged violations of the Fourth Amendment (Excessive Force) and a *Monell* claim against Defendants Hesperia and Newaygo.  The current action also includes the pendent state claim of gross negligence.

2. **Jury or Non-Jury:**

This case is to be tried before a jury.

3. **Judicial Availability:**

The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case:**

**Plaintiff:**

Briefly, this case involves an incident occurring on December 15, 2015.  After a hearing on their divorce, Plaintiff and her ex-husband left in separate vehicles to head over to Plaintiff's mother's house.  On the way there, Plaintiff decided that she wanted to talk to her ex-husband and tried to get his attention so that he would pull-over.  Rather than pull over Plaintiff's ex-husband slammed on the brakes causing Plaintiff to rear-end him.  Plaintiff's ex-husband drove to the Hesperia Police Department and Plaintiff followed him there.  As Plaintiff, who was visibly upset,

exited her vehicle, Defendant Gibbs came out of the police station. Defendant Gibbs told Plaintiff to go into the police station where he questioned her about the incident and advised her that she was too upset to drive. Defendant Gibbs allowed Plaintiff to go out to her car to smoke a cigarette. While she was outside in her vehicle smoking a cigarette, Defendant Gibbs once again advised her that she was too upset to drive. At this time, Defendant Visser arrived at the scene and approached Plaintiff. He too advised Plaintiff to calm down and when her crying did not immediately stop, Defendant Visser became angry and ordered her out of her vehicle. Plaintiff tried to comply with Defendant Visser's request, but because her foot was in a cast, she needed to move her seat back before she could exit her vehicle. Defendant Visser opened her car door and began pulling Plaintiff out of her vehicle. Defendant Visser then struck Plaintiff in the face, pulled her out of the vehicle, and threw her on the ground so hard that she cracked her front teeth. Defendant Visser then forcefully handcuffed Plaintiff and threw her in the back of the squad car. During this time, Defendant Gibbs was present and did not intervene. Plaintiff was taken to the Newago County Jail and was charged with assaulting/resisting/obstructing a police officer. Plaintiff pled no contest to the charges and was placed on probation. She suffered injuries and damages as a result of Defendants' actions and/or inactions.

**Defendants Gibbs and Hesperia:**

Defendant Chief Dale Gibbs is the Chief of Police for Defendant Village of Hesperia. He interceded in the physical dispute between Plaintiff Lowing and her former husband, Robert Sanborn after both arrived in separate vehicles at the Village Police Department. When Chief Gibbs exited the station he saw Plaintiff leaning into her ex-husbands truck and trying to punch him. Chief Gibbs asked her to go into the police station. Mr. Sanborn told the Chief that Plaintiff and he had just left a contentious court hearing regarding their divorce. Mr. Sanborn then left and

returned later to provide a written statement.  Plaintiff exited the station and got into her car.  When she was told that she was too upset to drive; that it was not a good idea for her to retrieve her dogs from her ex-husband at that time;  and that she would be given a ride home, she became combative and began yelling at Chief Gibbs and Deputy Visser.  She refused to exit her car and hit both Chief Gibbs and Deputy Visser.  Deputy Visser removed her from her car, handcuffed her and placed her under arrest for assaulting a Police Officer.  She was taken to the Newaygo County Jail.

Deputy Visser did not use excessive force when he removed Plaintiff from her vehicle and placed her under arrest.  Defendants Chief Gibbs and the Village of Hesperia have multiple defenses, including:  qualified immunity; governmental immunity; lack of excessive force by Deputy Visser; lack of a policy, custom or usage which was the moving force behind the alleged excessive force; no evidence of a failure to train and/or supervise; no pattern of unconstitutional conduct; and no evidence of gross negligence that was the proximate cause of the alleged excessive force.

Defendants submit that the facts asserted by Plaintiff in the complaint will be disproved through discovery and that they will be entitled to entry of summary judgment in their favor.

**Defendants Visser and Newaygo:**

Plaintiff, Elizabeth Lowing aka Elizabeth Sanborn, has alleged Fourth Amendment excessive force claim against Deputy Justin Visser of the Newaygo County Sheriff's Department, and a *Monell* claim against Newaygo County.  With regard to the excessive force claim, Plaintiff has alleged that Deputy Visser used objectively unreasonable force against Plaintiff.  On December 15, 2015, Deputy Visser was dispatched to the Village of Hesperia Police Department upon request of the Village of Hesperia Police Chief, Dale Gibbs.  Deputy Visser was informed that Plaintiff and her ex-husband, Robert Sanborn, had been at a court hearing related to their divorce earlier

4

that day.  During the drive from the court to Mr. Sanborn's house, where Plaintiff was headed to pick up her dogs which, had been awarded to Plaintiff as part of the divorce, Plaintiff rammed the rear of the pickup truck belonging to her ex-husband.  A complaint reference to the incident was filed with the Village of Hesperia Police Department, and was taken by Chief Gibbs.

Upon arrival at the Village of Hesperia Police Department, Deputy Visser attempted to speak with Plaintiff.  However, Plaintiff was irate and screaming and would not late either Deputy Visser of Chief Gibbs to talk.  Deputy Visser attempted to inform Plaintiff that due to her mental state, she would be getting a ride home as Deputy Visser determined it was unsafe to permit Plaintiff to drive.  Plaintiff wanted Deputy Visser to accompany her to pick up the dogs from her ex-husband's house.  When Deputy Visser tried to tell Plaintiff that due to her agitated state, they would not be going over to pick up the dogs, Plaintiff continued to scream at Deputy Visser and refused to listen.  After about the third time attempting to speak with Plaintiff and explaining to her that she would be getting a ride home, Deputy Visser reached into Plaintiff's car where she was seated.  Since Deputy Visser has observed a cast on Plaintiff's leg, his intention was to assist her out of the car.  However, Plaintiff immediately struck Deputy Visser in the arm/chest area, and struck Chief Gibbs in the chest.  When Deputy Visser attempted to remove Plaintiff from her car by placing her in a gooseneck with her arm, Plaintiff braced her leg on the car in an effort to resist Deputy Visser.  Deputy Visser ordered Plaintiff several times to get out of the car and she refused.  Deputy Visser then deployed an infinite orbital maneuver, and removed Plaintiff from her vehicle.  Plaintiff was placed in handcuffs which, were double-locked and checked for clearance.  She was placed under arrest for assaulting a police officer and transported to the Newaygo County Jail.  Plaintiff was released that same day after posting bond.

Deputy Visser denies that his actions constituted excessive force and maintains that he employed only such force that was objectively reasonable under the facts and circumstances in this case.  Deputy Visser denies that he violated any constitutional rights of Plaintiff.  Newaygo County denies all claims alleging failure to supervise and/or train its officer as well as all claims that that it has failed to discipline officers known to have violated citizens' constitutional rights, failed to require compliance with established policies and/or procedures, and failed to protect arrestees.

5. **Prospects of Settlement:**

The status of settlement negotiations is:  No settlement demand has been made and no settlement negotiations have taken place.

6. **Pendant State Claims:**

This case does include pendant state claims.  That claim is for gross negligence.

7. **Joinder of Parties and Amendment of Pleadings:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **November 30, 2017.**

8. **Disclosures and Exchanges:**

(a)    Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise.  The parties propose the following schedule for Rule 26(a)(1) disclosures:  **November 20, 2017**.

(b)    The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by **January 8, 2018.**  Defendants expect to be able to furnish the names of defendants' expert witness(es) by **February 8, 2018**.

(c)    Reports, if required, should be exchanged according to the following schedule:

6

     Plaintiff's expert reports:  **March 8, 2018**

     Defendants' expert reports:  **April 8, 2018**

  (d) The parties have agreed to make available the following documents without the need of a formal request for production: N/A.

**9.** **Discovery:**

  The parties believe that all discovery proceedings can be completed by **August 31, 2018.**

  The subjects of which discovery will encompass are liability, causation, and damages. Discovery does not need to be conducted in phases, nor limited or focused on certain or specific issues. At this time, the parties do not anticipate the need to recommend any additional limitations on discovery. Furthermore, at the present, the parties do not anticipate the need to modify the presumptive time limits imposed by Fed. R. Civ. P. 30(d)(1) regarding deposition time limits (one day of seven hours).

**10.** **Disclosure or Discovery of Electronically Stored Information:**

  The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties anticipate that most discovery will be produced in paper format. Should one party request the production of electronically stored information ("ESI") and if there exists any ESI responsive to a party's discovery request, the parties agree to negotiate in good faith over: (1) the form of the production (ESI, paper, or both); (2) whether any ESI will be produced in its native format or some other searchable format; (3) the expected volume of such production; (4) the need for and use of a third-party vendor to assist in the retrieval, search and/or production of ESI; (5) whether search terms should be used to limit or refine the ESI to be produced, and if so; (6) the search terms and methodologies to be employed.

**11.** **Assertion of Claims of Privilege or Work-Product Immunity After Production:**

The Parties agree that the presumptive procedures of Federal Rule of Civil Procedure 502 govern inadvertent disclosure.

**12.	Motions:**

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following motions are contemplated by each party:  Motion for Summary Judgment.  The parties anticipate that all dispositive motions will be filed by **October 31, 2018.**

**13.	Alternative Dispute Resolution:**

In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.  The parties believe that voluntary facilitative mediation would be the most appropriate type of alternative dispute resolution, and that it stands the greatest likelihood of success.  Therefore, the parties recommend that the case be submitted to the following method of alternative dispute resolution: <u>voluntary facilitative mediation</u>.  The parties prefer that voluntary facilitative mediation occur after the Court rules on the Motion for Summary Judgment; as this will be the most effective because the parties will know exactly where they stand on the issues in the case.

**14.	Length of Trial:**

Counsel estimate that the trial will last approximately 6 days total, allocated as follows: 3 days for Plaintiff's case; and 3 days for Defendants' case.

**15.	Electronic Document Filing System:**

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

**16.     Other:**

None, at this time.

Respectfully Submitted,

/s/ Shawn C. Cabot                                          /s/ Heidi D. Hudson
Attorney for Plaintiff                                      Attorney for Defendants Gibbs and Hesperia

/s/ Haider A. Kazim
Attorney for Defendants Visser and Newaygo