UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ELIZABETH LOWING,

    Plaintiff,

v.                                                                                       CASE NO: 1:17-cv-650
                                                                                       HON:  GORDON J. QUIST

JUSTIN VISSER, NEWAYGO COUNTY,
DALE GIBBS, and VILLAGE OF HESPERIA,
in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650 / (248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | ZAUSMER AUGUST & CALDWELL PC<br>HEIDI D. HUDSON (P32495)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>32255 Northwestern Hwy., Ste. 225<br>Farmington Hills, MI 48334<br>248-851-4111 / 248-851-0100-fax<br>hhudson@zacfirm.com<br><br>WILLIAMS HUGHES, PLLC<br>DOUGLAS M. HUGHES (P30958)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>120 W. Apple Avenue<br>PO Box 599<br>Muskegon, MI 49443-0599<br>231-727-2119 / 231-727-2130-fax<br>doughughes@williamshugheslaw.com |
|---|---|
| | CUMMINGS, MCCLOREY, DAVIS & ACHO<br>HAIDER A. KAZIM (P66146)<br>MATTHEW W. CROSS (P77526)<br>Attorney for Defendants Visser and Newaygo<br>310 W. Front Street, Suite 221<br>Traverse City, MI 49684<br>231-922-1888 / 231-922-9888<br>hkazim@cmda-law.com |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AGAINST DEFENDANTS
VILLAGE OF HESPERIA AND DALE GIBBS**
***ORAL ARGUMENT REQUESTED***

1

**NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her *Motion to Compel Discovery Against Defendants Village of Hesperia and Dale Gibbs*, states as follows:

1. This is a police misconduct case which has been brought pursuant to 42 U.S.C. § 1983 and § 1988.

2. On October 11, 2017, Plaintiff sent Defendants Dale Gibbs and Village of Hesperia *Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents*. **(See discovery requests as Exhibit A; See related Certificate of Service as Exhibit B).**

3. As of this writing, no response or objections to Plaintiff's First Interrogatories or First Requests for Production of Documents have been received by these Defendants.

4. On December 12, 2017, Plaintiff served *Plaintiff's Second Request for Production of Documents* on Defendant Village of Hesperia. **(See discovery requests as Exhibit C).**

5. On or about January 8, 2018, Defendant Village of Hesperia "responded" to *Plaintiff's Second Request for Production of Documents*; however, the "response" was nothing more than an objection to the document requests wherein not a single document was produced. **(See Defendant's Response as Exhibit D).**

6. On March 1, 2018, the undersigned faxed written correspondence to Defendants Gibbs and Hesperia's attorneys (Ms. Heidi D. Hudson and Mr. Douglas M. Hughes) and requested that responses to *Plaintiff's First Interrogatories* and *First Request for Production of Documents* be produced forthwith so as to avoid the filing of a Motion to Compel. **(See faxed correspondence as Exhibit E).**

7. The March 1, 2018, correspondence also addressed Defendant Village of Hesperia's "responses" to *Plaintiff's Second Request for Production of Documents*; and indicated that the

2

production of the documents by means of a CD would be fine (so as to minimize time and expense) and requested that the undersigned be first notified if the copying fee was going to be in excess of $50.00.  **(See Exhibit E).**

8.   As of the date of this writing, not a single word from either Ms. Hudson or Mr. Hughes regarding the discovery at issue has been uttered to the undersigned.

9.   On March 6, 2018, email correspondence was sent to attorneys Hughes and Hudson about the discovery disputes set forth herein; and in that correspondence, both Counsel were warned that Plaintiff would be seeking the Court's intervention; and that if a Motion had to be filed, attorney fees and costs would be sought.  **(See March 6, 2018 email as Exhibit F).**

10.   Once again, the undersigned has heard nothing from opposing counsels as to the discovery at issues set forth herein.

11.   Plaintiff has done everything he can to address the discovery disputes without having to resort to judicial intervention; however, nothing else can be done.

12.   Depositions for this case are set to commence at the end of March and in April of 2018; however, because Defendants Village of Hesperia and Gibbs have withheld and needlessly delayed discovery, the depositions may have to be adjourned.

13.   That without the requested discovery, Plaintiff and Plaintiff's Counsel will be unable to adequately prepare for depositions and trial as permitted under the Federal Rules of Civil Procedure.

14.   That the fair, effective, and efficient administration of justice requires this Honorable Court to enter an Order compelling Defendants to produce discovery responses as requested herein.

15.   Plaintiff requests that an Order be entered requiring full, complete, and signed responses to the disputed discovery be provided forthwith.

16. That pursuant to Federal Rule of Civil Procedure 37, attorney fees, costs, and any other remedy this Court deems appropriate must be awarded to Plaintiff's Counsel for having to being the instant Motion.

17. That pursuant to Local Rule 7.1(d), attempts to resolve the dispute were made as set forth herein; however, the disputes remain outstanding.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an Order requiring Defendants Gibbs and Village of Hesperia to provide complete and signed responses to Plaintiff's First Interrogatories and First Request for Production of Documents (with objections not being permitted); require Defendant Village of Hesperia to produce all documents requested in Plaintiff's Second Request for Production of Documents; order that objections to the discovery requests are deemed waived; and award costs, attorney fees, or any other appropriate remedy to Plaintiff as this Court deems appropriate and fair.

    Respectfully Submitted,
    CHRISTOPHER TRAINOR & ASSOCIATES

    **s/ Shawn C. Cabot**
    CHRISTOPHER J. TRAINOR (P42449)
    SHAWN C. CABOT (P64021)
    Attorneys for Plaintiff
    9750 Highland Road
    White Lake, MI  48386
    (248) 886-8650
    shawn.cabot@cjtrainor.com

Dated:  March 26, 2018
*SCC/*

**CERTIFICATE OF SERVICE**
I hereby certify that on March 26, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ***all attorneys of record*** and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ***None.***

**s/ Shawn C. Cabot**
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386
Phone: (248) 886-8650
shawn.cabot@cjtrainor.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ELIZABETH LOWING,

    Plaintiff,

v.                                         CASE NO: 1:17-cv-650
                                            HON: GORDON J. QUIST

JUSTIN VISSER, NEWAYGO COUNTY,
DALE GIBBS, and VILLAGE OF HESPERIA,
in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | ZAUSMER AUGUST & CALDWELL PC<br>HEIDI D. HUDSON (P32495)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>32255 Northwestern Hwy., Ste. 225<br>Farmington Hills, MI 48334<br>248-851-4111 / 248-851-0100-fax<br>hhudson@zacfirm.com<br><br>WILLIAMS HUGHES, PLLC<br>DOUGLAS M. HUGHES (P30958)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>120 W. Apple Avenue<br>PO Box 599<br>Muskegon, MI 49443-0599<br>231-727-2119 / 231-727-2130-fax<br>doughughes@williamshugheslaw.com |
| | CUMMINGS, MCCLOREY, DAVIS & ACHO<br>HAIDER A. KAZIM (P66146)<br>MATTHEW W. CROSS (P77526)<br>Attorney for Defendants Visser and Newaygo<br>310 W. Front Street, Suite 221<br>Traverse City, MI 49684<br>231-922-1888 / 231-922-9888<br>hkazim@cmda-law.com |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AGAINST DEFENDANTS VILLAGE OF HESPERIA AND DALE GIBBS**

6

**Legal Arguments**

**A.      Plaintiff's First Interrogatories and Requests for Production of Documents**

Federal Rule of Civil Procedure 33(b)(2) and (b)(5) requires the responding party to serve its signed answers and any objections within thirty (30) days after being served with the Interrogatories. Going one step further, Federal Rule of Civil Procedure 33(b)(4) addresses the issue of failing to respond timely, and states "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

Regarding Requests for Production of Documents, according to Federal Rule of Civil Procedure 34(b)(2)(A), the time to respond is also thirty (30) days. Regarding objections, Federal Rule of Civil Procedure 34(b)(2)(C) states that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

As set forth in the attached motion, Defendants have refused to provide a single answer to Plaintiff's First Interrogatories and First Requests for Production of Documents despite written correspondence requesting same and threatening judicial intervention. To that end, Plaintiff requests that the discovery be produced forthwith and that Defendants produce same without being permitted to object to same. Any objections sought to be used by Defendants should be deemed waived and should not be permitted. *See Fed. R. Civ. P. 33(b)(4)*; *Lairy v. Detroit Med. Ctr.,* 2012 U.S. Dist. LEXIS 152972, *3-4 (E.D. Mich. 2012) **(Exhibit G)**; *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 U.S. Dist. LEXIS 1768, *3 (W.D. Mich. 2001) **(Exhibit H).**

Based upon the caselaw set forth above, Plaintiff is entitled to responses to her First Interrogatories and Requests for Production of Documents from Defendant forthwith and without being permitted to object to same.

**B.     Plaintiff's Second Request for Production of Documents**

In "responding" to Plaintiff's Second Request for Production of Documents, Defendant Village of Hesperia refused to produce any documents on the basis that "the described materials are equally available to and/or are in the possession of Plaintiff [sic] counsel" or that Plaintiff's Counsel "access to these records."  **(See Exhibit D).**  Defendant's refusal to produce the requested discovery runs contrary to the broad discovery rules and should not be condoned by this Honorable Court.

In the course of discovery, a party may request the production of documents that are in the responding party's possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand."  *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995).

In the case of *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223 (D.C. 2015), the court was called upon to resolve a discovery dispute wherein the plaintiffs refused to provide various documents because they were publicly available and were equally accessible to the defendants. The court remarked that such a position by the plaintiff was "absurd."  *Id*.  In ruling that the documents had to be produced, the Court had this to say:

> The Federal Rules do not shield publicly available documents from discovery merely because of their accessibility.  A limitation of this nature would lead to patently absurd consequences.  Indeed, it would require litigants to scour the public domain for nuggets of information that their adversaries could potentially use against them—a task that is as Herculean as it is nonsensical. Litigation is not, nor has it ever been, an elaborate parlor game of "blind

8

> man's bluff." *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1985). To the contrary, the federal discovery rules are designed to make litigation a "fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Id*. A system that would require litigants to divine from an ever-increasing universe of public data what their opponents *might* use to support their claims is hardly "fair" and it is certainly not just. It would, to put it mildly, do a grave disservice to our adversarial system.

*Shatsky, supra* at 224. Clearly, materials that are possessed by Defendants at the time a document request was made, whether publicly available or not, must be produced; because the Federal Rules of Civil Procedure allows a party to request documents that are in the possession, custody, or control of the party being served.

## Conclusion

Based upon the arguments and caselaw set forth herein, Plaintiff respectfully requests an Order requiring Defendants to produce signed and complete responses (with objections being waived) to Plaintiff's First Interrogatories and Requests for Production of Documents forthwith. Plaintiff also requests an Order that Defendant Village of Hesperia provide the documents requested within Plaintiff's Second Request for Production of Documents forthwith.

    Respectfully Submitted,
    CHRISTOPHER TRAINOR & ASSOCIATES

    **s/ Shawn C. Cabot**
    CHRISTOPHER J. TRAINOR (P42449)
    SHAWN C. CABOT (P64021)
    Attorneys for Plaintiff
    9750 Highland Road
    White Lake, MI  48386
    (248) 886-8650
    shawn.cabot@cjtrainor.com

Dated:  March 26, 2018
*SCC/*