# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ELIZABETH LOWING,

    Plaintiff,

v.

JUSTIN VISSER, NEWAYGO COUNTY,
DALE GIBBS, and VILLAGE OF HESPERIA,
in their individual and official capacities,

    Defendants.

CASE NO: 17-00650
HON: GORDON J. QUIST

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | ZAUSMER AUGUST & CALDWELL PC<br>HEIDI D. HUDSON (P32495)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>31700 Middlebelt Road, Ste. 150<br>Farmington Hills, MI 48334-2301<br>248-851-4111<br>248-851-0100-fax<br>hhudson@zacfirm.com<br><br>WILLIAMS HUGHES, PLLC<br>DOUGLAS M. HUGHES (P30958)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>120 W. Apple Avenue<br>PO Box 599<br>Muskegon, MI 49443-0599<br>231-727-2119<br>231-727-2130-fax<br>doughughes@williamshugheslaw.com |
| CUMMINGS, MCCLOREY, DAVIS & ACHO<br>HAIDER A. KAZIM (P66146)<br>MATTHEW W. CROSS (P77526)<br>Attorney for Defendants Visser and Newaygo<br>400 W. Front Street, Ste. 200<br>Traverse City, MI 49684<br>231-922-1888<br>231-922-9888<br>hkazim@cmda-law.com<br>mcross@cmda-law.com | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS GIBBS & HESPERIA

**PLEASE TAKE NOTICE** that the following Interrogatories are directed to Defendants sunder the provisions of Federal Rules of Civil Procedure and the various subdivisions thereof, and you are required to answer said Interrogatories with all the information as is available to you. The information to you shall include all information relevant to Federal Rules of Civil Procedure, which is in the possession or knowledge of your agents, employees, attorneys, investigators, or the agents of the same.

You are required to file answers to these Interrogatories under oath within Thirty (30) days after service of them upon you. A copy of your answers is to be served upon counsel for the Plaintiffs, which said answers should be signed by you under oath.

## INTERROGATORY INSTRUCTIONS

1. "Document" means any handwritten, typewritten, recorded, or graphic matter however produced or reproduced, whether or not in the possession, custody, or control of the defendants, and whether or not claimed to be privileged against discovery or any ground, including but not limited to: all contracts, reports, books, records, lists, memoranda, correspondence, telegrams, telexes, appointment calendars, diaries, schedules, films, videos, photographs, sound recordings, signed or unsigned documents, any and all prison/jail records, as well as sent or unsent drafts of documents. "Document" shall also mean and include the original and every copy regardless of origin or location.

2. "Identify" when used in reference to an individual means to state that person's full name, present address, present or last known position and business affiliation.

3. When used in reference to persons or members of a class, the term, "identify" means to identify each individual member or members of such class.

4. "Identify", "identification", or "describe" when used in reference to documents means to state the following as to each such document: (a) the title, if any, and the nature and contents thereof; (b) the date; (c) the date the document was executed if different from the date it bears; (d) the name, address, and position of the addressee, if any; (e) the present location and the name, present address, and position of the person having present custody; and (g) whether the document has been destroyed, and if so, with regard to such destruction, the date, the reason, and the identity of the person or persons who destroyed the document.

5. The above information shall be given in sufficient detail to enable a party or person to whom a subpoena or Request for Production is directed to fully identify the documents sought to be produced and to enable counsel for the Plaintiff to determine that such document, when produced, is, in fact, the document so described.

6. When used in these Interrogatories, the terms "you" and "your(s)" includes the Defendant as well as the Defendant's agents, servants, employees, partners, representatives, experts and consultants, and unless privileged, the attorneys.

7. "Date" means the exact date, month and year, if ascertainable, if not, your best approximation, which may include relationships to other events.

8. If any information is withheld under a claim of privilege or other exclusion from discovery, state the nature of the information or document withheld, the privilege or other exclusion that is claimed, and the facts upon which the claim of privilege or exclusion is based.

9. The singulars shall be deemed to include the plural and vice-versa and the words "and" and "or" shall be construed either conjunctively or disjunctively, in the manner which affords the broadest scope to the Interrogatories.

10. Do not respond to any Interrogatory merely by stating, "see attached." Specifically identify the particular documents that are responsive to each Interrogatory.

11. For the convenience of the Court and the parties, please restate each Interrogatory to your written response prior to your written identification of the produced documents.

12. The word, "person" means any natural person, firm or corporation, partnership, joint venture, or any other form of business entity.

## INTERROGATORIES

1. Please state the names and contact information and anyone who has knowledge of the incident complained of and state the basis of their knowledge.

### RESPONSE:

2. Please state the specific reason(s) you came into contact with Plaintiff on the date of the incident complained of and state the specific nature of all contact with Plaintiff on said date (including but not limited to conversations). *Do not simply reference a police report.*

### RESPONSE:

3. In your own (non-medical and personal) opinion, please describe Plaintiff's demeanor throughout your entire encounter with her on the date of the incident complained of.

### RESPONSE:

4. On the date of the subject incident, did you ever give any specific orders to Plaintiff? If your answer is in the affirmative, please state what specific orders were given and state Plaintiff's response to said orders.

### RESPONSE:

5. On the date of the incident complained of, did you ever see Plaintiff physically assault or attempt to physically assault Robert Sanborn?

### RESPONSE:

6. On the date of the incident complained of, did Plaintiff initiate any physical contact with Defendants? If your answer is in the affirmative, please explain the circumstances.

**RESPONSE:**

7. On the date of the incident complained of, did anyone use any force against Plaintiff? If your answer is in the affirmative, please state the following:

    a. Who used force;

    b. The nature of the force use;

    c. The reasons for the force used; and

    d. any injuries seen or complained of by Plaintiff.

**RESPONSE:**

8. Was an "infinite orbital maneuver" used on Plaintiff? If your answers is in the affirmative, please explain what this maneuver is and why it was used.

**RESPONSE:**

9. Did any Defendant use or attempt to place Plaintiff in a "gooseneck.?" If your answer is in the affirmative, please explain what this maneuver is and why it was used.

**RESPONSE:**

These Interrogatories are deemed continuing up to and through the time of trial.

---

Names, titles, and signatures of persons
answering these Interrogatories.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: _____
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

Dated: October 11, 2017
SCC

**PROOF OF SERVICE**

The undersigned certified that on the 11th day of October, 2017, a copy of the foregoing document was served upon the attorney (s) of record by mailing a copy of same to said attorney (s) at their stated business address with pre-paid first-class postage affixed thereto. I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

_____
SHANNA SUVER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ELIZABETH LOWING,

    Plaintiff,

v.

JUSTIN VISSER, NEWAYGO COUNTY,
DALE GIBBS, and VILLAGE OF HESPERIA,
in their individual and official capacities,

    Defendants.

CASE NO: 17-00650
HON: GORDON J. QUIST

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | ZAUSMER AUGUST & CALDWELL PC<br>HEIDI D. HUDSON (P32495)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>31700 Middlebelt Road, Ste. 150<br>Farmington Hills, MI 48334-2301<br>248-851-4111<br>248-851-0100-fax<br>hhudson@zacfirm.com<br><br>WILLIAMS HUGHES, PLLC<br>DOUGLAS M. HUGHES (P30958)<br>Attorney for Ds Village of Hesperia and Dale Gibbs<br>120 W. Apple Avenue<br>PO Box 599<br>Muskegon, MI 49443-0599<br>231-727-2119<br>231-727-2130-fax<br>doughughes@williamshugheslaw.com |
| CUMMINGS, MCCLOREY, DAVIS & ACHO<br>HAIDER A. KAZIM (P66146)<br>MATTHEW W. CROSS (P77526)<br>Attorney for Defendants Visser and Newaygo<br>400 W. Front Street, Ste. 200<br>Traverse City, MI 49684<br>231-922-1888<br>231-922-9888<br>hkazim@cmda-law.com<br>mcross@cmda-law.com | |

1

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS GIBBS & HESPERIA

**NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and submits the following Request for Production of Documents to the Defendants.

This Request for Production of Documents is submitted pursuant to the Federal Rules of Civil Procedure. The information and documents sought must be given under oath, whether it is secured by you, your agent, representative, attorney or any other person who has made this knowledge known to you, from whom you can get this information and documents or who is competent to provide the information and documents you are requested to produce; the information and documents must be served upon the undersigned Plaintiff's attorney, CHRISTOPHER TRAINOR & ASSOCIATES, within thirty (30) days from the date this Request For Production of Documents is served upon you.

This Request for Production of Documents shall be deemed continuing and supplemental; documents and/or information shall be required immediately upon receipt thereof if the said parties directed to produce them directly or indirectly obtains further or different information and/or documents from the time the information and documents are served to the time of trial in this matter. If the items requested no longer exist or they never existed please notate the same.

## REQUEST FOR PRODUCTION OF DOCUMENTS INSTRUCTIONS

1. "Document" means any handwritten, typewritten, recorded, or graphic matter however produced or reproduced, whether or not in the possession custody or control of the defendants, and whether or not claimed to be privileged against discovery or any ground, including but not limited to: all contracts, reports, books, records, lists, memoranda, correspondence, telegrams, telexes, appointment calendars, diaries, schedules, films, videos, photographs, sound recordings, signed or unsigned documents, any and all prison/jail records, as well as sent or unsent drafts of documents. "Document" shall also mean and include the original and every copy regardless of origin or location.

2

2. "Identify" when used in reference to an individual means to state that person's full name, present address, present or last known position and business affiliation.

3. When used in reference to persons or members of a class, the term, "identify" means to identify each individual member or members of such class.

4. "Identify", "identification", or "describe" when used in reference to documents means to state the following as to each such document: (a) the title, if any, and the nature and contents thereof: (b) the date; (c) the date the document was executed if different from the date it bears; (d) the name, address, and position of the addressee, if any; (e) the present location and the name, present address, and position of the person having present custody; and (g) whether the document has been destroyed, and if so, with regard to such destruction, the date, the reason and the identity of the person or persons who destroyed the document.

5. The above information shall be given in sufficient detail to enable a party or person to whom a subpoena or Request for Production is directed to fully identify the documents sought to be produced and to enable counsel for the Plaintiff to determine that such document, when produced, is, in fact, the document so described.

6. When used in these Interrogatories, the terms "you" and "your(s)" includes the Defendant as well as the Defendant's agents, servants, employees, partners, representatives, experts and consultants, and unless privileged, the attorneys.

7. "Date" means the exact date, month and year, if ascertainable, if not, your best approximation, which may include relationships to other events.

8. If any information is withheld under a claim of privilege or other exclusion from discovery, state the nature of the information or document withheld, the privilege or other exclusion that is claimed, and the facts upon which the claim of privilege or exclusion is based.

9. The singulars shall be deemed to include the plural and vice-versa and the words "and" and "or" shall be construed either conjunctively or disjunctively, in the manner which affords the broadest scope to the Interrogatories.

10. Do not respond to any interrogatory merely by stating, "see attached." Specifically identify the particular documents that are responsive to each Interrogatory.

11. For the convenience of the Court and the parties, please restate each Interrogatory to your written response prior to your written identification of the produced documents.

12. The word, "person" means any natural person, firm or corporation, partnership, joint venture, or any other form of business entity.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

Please produce the following:

1. Any and all police reports related to the incident complained of in any way.

2. All witness statements and/or interviews, whether written or otherwise recorded, regarding the incident complained of herein (including name, address, and telephone number of the witnesses).

3. All tangible items memorializing the incident that is the subject of the incident complained of herein.

4. Any and all use of force reports/documents related to the incident complained of.

5. The complete personnel file of each named Defendant which should include but it not limited to training records regarding use of force, citizen complaints, and performance evaluations.

6. All policies, procedures, and guides that relate to the use of force.

7. All statements and/or interviews, written or otherwise, obtained from anyone in connection with the incident complained of herein.

8. Any and all documents relating to any investigation of the incident complained of.

9. Any and all audio/video recordings relative to the incident complained of.

10. Any and all court documents in your possession which in any way relates to the incident complained of.

11. Any and all transcripts possessed which in any way relates to the incident complained of.

12. Any emails or social media documents possessed which in any way relates to the incident complained of.

13. Any and all jail records of Plaintiff which in any way relate to the incident complained of herein.

**RESPONSE:**

These Requests for Production of Documents are deemed continuing up to and through the time of trial.

Respectfully Submitted
CHRISTOPHER TRAINOR & ASSOCIATES

BY: _____
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

Dated: October 11, 2017
*SCC/*

**PROOF OF SERVICE**

The undersigned certified that on the 11th day of October, 2017, a copy of the foregoing document was served upon the attorney (s) of record by mailing a copy of same to said attorney (s) at their stated business address with pre-paid first-class postage affixed thereto. I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

_____
SHANNA SUVER

6